**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-20023
Summary Calendar

CHARLES A. ATCHISON

Plaintiff-Appellant

VERSUS

HOUSTON LIGHTING & POWER COMPANY, INC;
HOUSTON INDUSTRIES INC; JIMMY SLEDGE

Defendants-Appellees

Appeal from the United States District Court
For the Southern District of Texas
June 13, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Appellant, a thirty-year employee of Appellee Houston Lighting, appeals the district court's grant of summary judgment in favor of Houston Lighting dismissing Plaintiff's action against it under Title VII of the Civil Rights of 1964 and the Texas law concerning intentional infliction of emotional distress. We agree

Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

with the district court that Plaintiff has failed to create an issue of material fact as to either his federal or state claims and we affirm.

Appellant's claim of race discrimination fails because, as the district court correctly found, Appellant failed to present any summary judgment evidence demonstrating that he has suffered an adverse employment action. Alternatively, we agree with the district court that Appellant has failed to create an issue of fact that any adverse employment action he may have suffered was motivated by racial bias. Likewise, his racial harassment claim fails because his evidence raisesf no issue of material fact that the conduct of which he complains is either severe or perverse, or creates a work environment that a reasonable person would find either hostile or abusive. His retaliation claim likewise fails because he has created no issue of fact that he has suffered an adverse employment action.

Plaintiff's state law claim of intentional infliction of emotional distress suffers a similar fate because Appellant's evidence does not raise issues of severe emotional distress nor that Defendants' conduct was extreme or outrageous or that Appellant's reaction to that conduct was severe.

Accordingly, for the reasons stated by the district court, the district court's judgment is AFFIRMED.